**Reversed and Remanded and Memorandum Opinion filed February 27, 2024.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-23-00306-CV

**MEMORIAL HERMAN HEALTH SYSTEM D/B/A MEMORIAL HERMAN PEARLAND, Appellant**

**V.**

**NAKISHA MASON, Appellee**

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2022-35358**

## M E M O R A N D U M   O P I N I O N

In this case involving health care liability claims, the defendant moved for dismissal on the ground that the plaintiff's expert report was so inadequate as to constitute no report. The trial court denied the motion. We conclude, however, that the report does not constitute a good faith effort to comply with the Texas Medical Liability Act's definition of an "expert report." We accordingly reverse the ruling and remand the case for the trial court to award the defendant its reasonable

attorney's fees and to dismiss the plaintiff's health care liability claims with prejudice.

## I. THE TEXAS MEDICAL LIABILITY ACT

Under the Texas Medical Liability Act, a claimant asserting a health care liability claim is required to serve on each defendant physician or health care provider the curriculum vitae of a qualified expert and the expert's report providing a fair summary of the expert's opinion regarding the applicable standard of care, the manner in which the defendant breached the standard of care, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (r)(6). The Act requires expert reports so that the trial court can "expeditiously weed out claims that have no merit." *Loaisiga v. Cerda*, 379 S.W.3d 248, 263 (Tex. 2012). To that end, an expert report must present "a fair summary of the expert's opinions about the applicable standard of care, the manner in which the care failed to meet that standard, and the causal relationship between that failure and the claimed injury." *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The expert reports must collectively address each of these three elements. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). The experts must explain, based on facts set out in the report, how and why the breach caused the injury. *See Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015) (per curiam) (citing *Jelinek v. Casas*, 328 S.W.3d 526, 539–40 (Tex. 2010)).

If the claimant fails to serve the required materials by the 120th day after the defendant answers the suit, the trial court must, on the defendant's motion, dismiss the claim with prejudice and award the defendant reasonable attorney's fees and costs of court. *Id*. § 74.351(a), (b). If the report is timely served but is deficient, the trial court may grant the motion only if it appears to the court, after hearing, that the

2

report does not represent an objective good faith effort to comply with the [Act's] definition of an "expert report." *Id.* § 74.351(*l*). If the expert's lack of relevant qualifications or the report's inadequacies are curable deficiencies, then the trial court may grant the claimant a single thirty-day extension to cure the deficiencies. *Id.* § 74.351(c).

## II. BACKGROUND

Nakisha Mason sued Memorial Hermann Health System d/b/a Memorial Hermann Pearland Hospital, alleging that during her hospitalization in August 2020, a certified nursing assistant employed by the Hospital sexually assaulted her while she was sedated. She asserted claims of vicarious liability for sexual assault and direct liability for negligent supervision. The Hospital asserts that these are health care liability claims subject to the Texas Medical Liability Act, and Mason does not dispute that assertion.[1] We therefore assume, without deciding, that the Act's requirement to serve the defendant with a qualified expert's report and curriculum vitae applies to these two claims.

To meet the expert-report requirement, Mason served the Hospital with a letter from her primary-care physician. The letter is dated September 9, 2022, which is also identified as the date of Mason's visit. The letter states as follows:

> To Whom It May Concern:
>
> This letter is to highlight the effects of sedation in the hospital.
>
> Nakisha Shennell Mason is a 48 y.o. who has a medical history of hypertension and CKD stage IV. I am writing this letter on her behalf as her primary care physician.

---

[1] Mason further alleged that the Hospital committed common-law fraud and violated the Deceptive Trade Practices–Consumer Protection Act by misrepresenting that the Hospital had not received Mason's initial request for her medical records and by failing to respond to Mason's second request for the records. Because the Hospital does not contend that claims arising from Mason's record requests are health care liability claims, we do not address them.

3

Procedural sedation involves the use of short-acting analgesic and sedative medications to enable clinicians to perform procedures effectively, while monitoring the patient closely for potential adverse side effects. Procedural sedation does alter the consciousness with the goal of relieving anxiety and pain.

Once the procedure sedation has stopped, the patient may experience grogginess for several hours after the procedure. A patient may require assistance after the procedure as mental status and physical function may not have returned to baseline.

It is my medical opinion that if Nakisha Mason suffered harm or injury within the first several hours after sedation, then, to a reasonable degree of medical certainty, the Hospital breached the standard of care.

If you have any questions or concerns, please don't hesitate to call.

Sincerely

/s/ Stephanie Ariana Warfield, DO

The Hospital moved to dismiss Mason's sexual-assault and negligent-supervision claims on the ground that Warfield's letter is so deficient as to constitute no expert report at all, inasmuch as it is unaccompanied by a curriculum vitae and not only fails to describe the standard of care, the Hospital's acts or omissions that breached the standard of care, and causation, but does not even aver that there was a breach, a harm, or injury.

Mason responded that that the report represented a good-faith effort to comply with the statutory requirements and that any deficiencies were curable. Mason asked for a thirty-day extension to cure any deficiencies if the trial court found the report to be insufficient.

At the hearing, the trial court insisted that the Hospital's motion to dismiss was really a motion to strike Warfield as an expert witness. The trial court announced from the bench that it was denying the motion as premature. The Hospital brings this interlocutory appeal of the denial of its motion.

4

# III. ANALYSIS

We will reverse a trial court's ruling on the experts' qualifications and the sufficiency of the experts' reports only if the rulings constituted an abuse of discretion. *Id.* A trial court abuses its discretion if it rules without reference to guiding rules or principles. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). In determining whether the trial court abused its discretion, the scope of our review is limited to the four corners of the expert report and the expert's curriculum vitae. *See Methodist Hosp. v. Addison*, 574 S.W.3d 490, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

On appeal, the Hospital re-urges the argument that Warfield's letter not only fails to meet the requirements of an expert report but is so inadequate that it is no report.

The first part of that argument is not seriously disputed. The Act defines an "expert report" as

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. REM. & REM. CODE § 74.351(r)(6). Warfield was not shown to be qualified to offer an expert opinion on the standard of care applicable to the Hospital, and she does not describe the standard of care, an act or omission by the Hospital that breached the standard of care, or causation. Thus, the report's contents meet none of the Act's requirements.

5

Mason has not argued that the document fulfilled all of the statutory requirements of an "expert report." She has not filed an appellate brief, and in Mason's response in the trial court to the motion to dismiss, she offered no argument concerning the report's failure (a) to address Warfield's qualifications as an expert, (b) to describe the applicable standard of care, (c) to identify an act or omission that breached the standard of care, or (d) to explain the causal relationship between any breach of the standard of care and the injury, harm, or damages claimed. Instead, Mason asserted, without explanation, that she made a good-faith effort to comply with the Act's requirements, and she asked for a thirty-day extension in which to cure any deficiencies should the trial court find the report insufficient.

At best, the report is severely deficient. Thus, the question on appeal is whether Warfield's report represents a good-faith effort to comply with the Act or is instead so inadequate that it is the legal equivalent of no report. If the former, then the trial court must be given the opportunity to determine whether to grant Mason's request for a thirty-day extension to cure the report's deficiencies. *See id.* § 74.351(c). But if the report is the legal equivalent of no report, then the trial court must grant the motion to dismiss, award the Hospital its reasonable attorney's fees and costs of court, and dismiss with prejudice the health care liability claims against it. *See id.* § 74.351(b), (*l*).

A timely-served document qualifies as an expert report if it contains "a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011). The report also must implicate the defendant's conduct. *Id.* at 557. If the document satisfies these requirements, then it meets the "minimal standard" necessary to avoid mandatory dismissal. *See id.* But the report "must actually allege that someone committed malpractice." *Id.* at 559 (Willett, J.,

6

concurring). If the report "*never asserts that anyone did anything wrong*," it is not merely deficient; it is not an expert report at all, and the plaintiff "cannot receive an extension" to file a conforming report. *Id.* at 558 (emphasis in original).

Limiting our review to the information contained in Warfield's report, as we must,[2] we conclude that it fails to meet the minimal standard to constitute an expert report. Far from indicating that Mason's claims have merit, Warfield does not indicate that Mason has a claim at all. Warfield does not make a single factual allegation about the Hospital, any Hospital employee or class of employees, or any event occurring in the Hospital. She does not even represent that Mason was ever hospitalized. Although Warfield speaks generally about procedural sedation and says that "[a] patient may require assistance after the procedure," she does not allege that Mason has ever undergone any procedure, in or out of the Hospital. Warfield concludes her report with the statement, "It is my medical opinion that *if* Nakisha Mason suffered harm or injury within the first several hours after sedation, then, to a reasonable degree of medical certainty, the Hospital breached the standard of care."[3] But Warfield does not contend that Mason *did* suffer any harm or injury, or that Mason was ever sedated, or that any such harm or injury was sustained "within the first several hours after sedation," or that the Hospital or any of its employees did something that should not have been done, or failed to do something that should have been done, or in any way caused Mason any harm or injury at any time.

We sustain the sole issue presented.

---

[2] *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (per curiam) (citing *Palacios*, 46 S.W.3d at 878).

[3] Emphasis added.

## IV. Conclusion

Warfield's report is inadequate as a matter of law, and because it neither "contains the opinion of an individual with expertise that the claim has merit" nor implicates the Hospital's conduct, it does not meet even the minimal requirements necessary to obtain a thirty-day extension. *Id.* at 557. We reverse the trial court's order denying the Hospital's motion to dismiss, and we remand the case for the trial court to determine and award to the Hospital its reasonable attorney's fees and costs of court and to thereafter dismiss with prejudice Mason's health care liability claims.

/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.